UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
KIM C. BLOCK, individually and on behalf                        :
of all others similarly situated,                               :
                                                                :
                Plaintiff,                                      :
                                                                :
        v.                                                      :
                                                                :   Civil Action No. 3:18-cv-00007-S
INTEROIL CORPORATION, EXXON                                     :   Hon. Karen Gren Scholer
MOBIL CORPORATION, MICHAEL                                      :
HESSION, CHRISTOPHER FINLAYSON,                                 :
CHEE KEONG YAP, DR. ELLIS                                       :
ARMSTRONG, FORD GRANT                                           :
NICHOLSON, ISIKELI REUBEN                                       :
TAUREKA, SIR WILSON KAMIT, and SIR                              :
RABBIE L. NAMALIU,                                              :
                                                                :
                Defendants.                                     :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANTS' NOTICE OF DEVELOPMENT
## REGARDING CANADIAN DISSENT PROCEEDING

Nina Cortell
Daniel Gold
HAYNES AND BOONE LLP
2323 Victory Avenue
Suite 700
Dallas, Texas 75219
Tel:  (214) 651-5000
Fax:  (214) 651-5940
Email:  nina.cortell@haynesboone.com
           daniel.gold@haynesboone.com

Andrew Ditchfield*
Lindsay Schare*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel:  (212) 450-4000
Fax:  (212) 701-5800
Email: andrew.ditchfield@davispolk.com
           lindsay.schare@davispolk.com

*Admitted *pro hac vice*

Defendants respectfully submit this notice to apprise the Court of a ruling in the dissenters' action in the Supreme Court of Yukon, *Carlock v. ExxonMobil Canada Holdings ULC, et al.*, S.C. 16-A0193, a proceeding Defendants mentioned to the Court although did not rely on for dismissal.[1]  While Defendants believe the ruling is irrelevant to the issues before this Court, in the interest of full disclosure, Defendants submit this notice to inform the Court of the Reasons for Judgment issued in that proceeding, a copy of which is attached as Exhibit A.

Defendants moved this Court to dismiss the Amended Complaint on the basis of, among other independent grounds, international comity.[2]  InterOil Corp. was incorporated in Yukon and Yukon law governed the shareholder approval process for Exxon Mobil Corporation's purchase of InterOil.  Pursuant to Section 195 of the Yukon Business Corporations Act ("YBCA"), InterOil had to obtain court approval of the transaction before it was allowed to proceed.  The Supreme Court of Yukon approved the transaction, but, on appeal by Philippe Mulacek, the former InterOil CEO, the Court of Appeal of Yukon overturned that ruling.[3]  In response, InterOil implemented certain corporate governance enhancements and ultimately issued the detailed Information Circular at issue in this case to seek approval of the transaction from its stockholders.[4]  InterOil reapplied for court approval, which it received following stockholder approval of the transaction.  No stockholder opposed the application for approval or appealed this second ruling, and the transaction closed on February 22, 2017.  Defendants' comity argument relied on these YBCA Section 195 proceedings, as, just like the Section 12(a)(2) action

---

[1] Reply at 6 n.5; January 16, 2019 Transcript at 21:20-22:11; 91:2-14.

[2] *E.g.*, Exxon/InterOil MTD at 11-13; Reply at 4-7; January 16, 2019 Transcript at 22-26, 82-91.

[3] *InterOil Corp. v. Mulacek*, 2016 YKCA 14.

[4] *See* Ex. A, Reasons for Judgment at 11-12, ¶ 41.

before this Court, their focus was on "the information provided to shareholders, among other things."[5]

In addition to the protections offered under Section 195 of the YBCA, InterOil stockholders had the opportunity under YBCA Section 193(3) to seek a judicial determination of the "fair value" of their InterOil stock as of the last business day prior to the shareholder resolution approving the transaction. After the Supreme Court of Yukon approved the transaction for the second time, a small number of InterOil stockholders exercised this right. Defendants had alerted the Court to the Section 193(3) proceeding to provide a complete picture of the Yukon legal proceedings involving InterOil stockholders, and for the proposition that U.S. securities laws are "not an alternative remedy for stockholders to seek a fair value determination of their shares."[6] The Section 193(3) action was ongoing at the time of oral argument.

The outcome of this dissent proceeding is not relevant to the legal issues before the Court because it was focused on the statutory fair value of InterOil stock and the negotiation process, not the disclosures provided to stockholders that the Canadian court already determined were adequate. *E.g.*, Ex. A at 3, ¶ 9 ("The focus in *InterOil Corporation v. Mulacek* was on the information provided to shareholders …. The focus in the case at bar is on the process … and what is 'the fair value' of InterOil shares."). As reflected in the attached Reasons for Judgment, the Supreme Court of Yukon reaffirmed the adequacy of the disclosures provided to InterOil stockholders in the Information Circular.[7]

---

[5] *Id.* at 3, ¶ 9; *see also* Compl. ¶ 36 (reflecting that Mulacek's challenge included disclosure issues); Exxon/InterOil MTD at 6-7 (same) (citing App. Ex. E at App. 418, *InterOil Corp. v. Mulacek*, 2016 YKCA 14, Ct. of App. of Yukon (Nov. 4, 2016)).

[6] *See* Reply at 6 n.5 (citing *Santa Fe Indus. v. Green*, 430 U.S. 462, 478 (1977)).

[7] *See* Ex. A at 12, ¶ 41(g) (InterOil provided "disclosure of all relevant details in an approximately 300-page Management Information Circular"); *id.* at 15-16, ¶ 58 (the "effect then of the best practices" implemented after the

ExxonMobil Canada Holdings ULC is planning to appeal the decision to the Court of Appeal of Yukon.

Dated:  February 27, 2019                               Respectfully submitted,


HAYNES AND BOONE LLP                                    DAVIS POLK & WARDWELL LLP


By: /s/ Daniel Gold                                     By: /s/ Andrew Ditchfield
    Nina Cortell                                           Andrew Ditchfield*
    Texas Bar No. 04844500                                  New York Bar No. 4593679
    nina.cortell@haynesboone.com                            andrew.ditchfield@davispolk.com
    Daniel Gold                                             Lindsay Schare*
    Texas Bar No. 24053230                                  New York Bar No. 5103411
    daniel.gold@haynesboone.com                             lindsay.schare@davispolk.com

2323 Victory Avenue                                     450 Lexington Avenue
Suite 700                                               New York, New York 10017
Dallas, Texas 75219                                     Tel:  (212) 450-4000
Tel:  (214) 651-5000                                    Fax:  (212) 701-5800
Fax:  (214) 651-5940

                                                                   * Admitted *pro hac vice*

                                                                   *Attorneys for Defendants Exxon Mobil Corporation, InterOil Corporation, Dr. Michael Hession, Christopher Finlayson, Chee Keong Yap, Dr. Ellis Armstrong, Ford Grant Nicholson, Isikeli Reuben Taureka, Sir Wilson Kamit, and Sir Rabbie L. Namaliu*

---

court's rejection of the initial arrangement "was to better inform the InterOil shareholders reviewing the Information Circular for the second vote of approval.").

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants and I served the same document by U.S. mail on all counsel of record who are not ECF registrants.

/s/ Andrew Ditchfield
Andrew Ditchfield