UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIM C. BLOCK, individually and on behalf of others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>INTEROIL CORPORATION, et al.,<br>    *Defendant*. | Civil Action No. 3:18-CV-007-X |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kim Block moves the Court under Rule 59(e) [Doc. No. 56] to alter or amend its final judgment dismissing her case with prejudice [Doc. No. 54]. For the following reasons the Court **DENIES** Block's motion.

### I. FACTS

On August 2, 2018, the defendants filed two motions to dismiss [Doc. Nos. 35, 36]. The motions were treated as a single motion by the subsequent response [Doc. No. 41] and reply [Doc. No. 45]. On February 27, 2019, the defendants gave notice to the court that the Supreme Court of Yukon issued the opinion *Carlock v. ExxonMobil Canada Holdings ULC, et al.*, S.C. 16-A0193. The defendants attached, as evidence supporting their contentions in their notice, the opinion in *Carlock v. ExxonMobil Canada Holdings ULC, et al.*, S.C. 16-A0193. On March 15, 2019, the Court issued a Memorandum Opinion and Order, and a Final Judgment [Doc. Nos. 53, 54]. The opinion was published in the Federal Supplement at 373 F.Supp.3d 683. The opinion

expressly mentions *Carlock* in the published opinion at page 690, in footnote 3.

Block timely filed a Rule 59(e) motion to alter or amend the judgment on April 12, 2019. Block's motion and reply argue that *Carlock v. ExxonMobil Canada Holdings ULC, et al.*, S.C. 16-A0193 is "new evidence" and that Block could not have availed herself of the opinion prior to the judgment.

## II. LAW

"Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[1] A court may grant a motion to reconsider under Rule 59(e) on the basis of newly discovered evidence only if: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching."[2]

## III. ANALYSIS

It is a high bar to move a Court to say to itself, "I'm sorry, but your opinion means very little to me", but it is a bar that can be vaulted if all three of the *Infusion* factors are met. The plaintiff cannot pass that bar in this case.

First, *Carlock* not only cannot but it already did not change the outcome. The Court in its opinion at 373 F.Supp.3d 683 already addressed *Carlock*. Second, Block could have discovered the "new evidence" by reading the defendants' notice to the

---

[1] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)

[2] *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (citing *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954)).

Court of the opinion in *Carlock*, which included the opinion in question. Regarding the 3rd *Infusion* factor, the "new evidence" is neither cumulative nor impeaching, but all three factors have to be met to successfully move a Court to grant a Rule 59(e) motion on a claim of "new evidence."

Furthermore, the Court found no precedent that permits a Court to hold that evidence filed on the docket prior to a judgment, and that was later mentioned and incorporated into the Court's opinion and judgment, constitutes "new evidence" that could not have been diligently discovered for the purposes of Rule 59(e). The Court further finds it unpersuasive that Block could neither have moved for leave to amend her response, nor sought leave to file a surreply shortly after the defendants provided notice to all parties and the Court of *Carlock*.

## IV. CONCLUSION

Because the plaintiff cannot meet all three of the *Infusion* factors, and evidence already docketed and taken into account by the Court is not "new evidence" for the purposes of Rule 59(e), the Court **DENIES** the plaintiff's Rule 59(e) motion to alter or amend its judgment [Doc. No. 56]. All relief not expressly granted is denied.

**IT IS SO ORDERED** this 12th day of February 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE